IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 20, 2013 Session

## ROSALYN L. CAFFEY v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE BOARD OF ZONING APPEALS AND ELIZABETH W. BLAIR

Appeal from the Chancery Court for Davidson County
No. 10631IV    Russell T. Perkins, Chancellor

No. M2012-00883-COA-R3-CV - Filed June 11, 2013

Neighbor of property owner who received a variance from a side yard setback requirement in zoning ordinance filed an action seeking certiorari review of the Board of Zoning Appeals' grant of the variance. The trial court determined that the Board's action was within its authority pursuant to Tenn. Code Ann. § 12-7-207(3) and affirmed the grant of the variance. We concur with the trial court and affirm the Board's action.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Rosalyn L. Caffey, Nashville, Tennessee, Pro Se.

J. Brooks Fox, Nashville, Tennessee, for the Appellees, Metropolitan Government of Nashville and Davidson County and the Tennessee Board of Zoning Appeals.

Scott Patton Tift, Nashville, Tennessee, for the Appellee, Elizabeth W. Blair.

**MEMORANDUM OPINION**[1]

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## I.    Factual and Procedural Background

Elizabeth Blair is the owner of property located at 904 Oneida Avenue, Nashville; the property is zoned RS5 with a 5' setback along the side property line.  The previous owner received a variance in 1982 allowing him to build a carport up to 1' from the side property line; however, he built the carport to the property line.  Ms. Blair purchased the property in 1987 and, in late 2008 or early 2009, hired a builder to enclose the carport, thereby creating an enclosed room.  Her neighbor, Rosalyn L. Caffey, complained to the Metropolitan Department of Codes that Ms. Blair was building without a permit, as a result of which a stop work order was issued, leading Ms. Blair to file a request for a variance from the minimum setback requirement with the Board of Zoning Appeals ("BZA").  On February 4, 2010, the BZA granted the variance, finding that Ms. Blair met the requirements of Metropolitan Code § 17.40.370.

Ms. Caffey, proceeding pro se, filed a complaint in Chancery Court seeking review of the BZA's actions and various species of relief; following dismissal of some claims, the case proceeded as a certiorari review of the BZA's grant of the variance.  By order entered March 15, 2012, the trial court affirmed the decision of the BZA and dismissed the petition.  Ms. Caffey appeals, contending that the variance is "not supported by material substantial evidence, was arbitrary and capricious, was erroneous as a matter of law, was illegal, and granted because of ulterior motives."

## II.    Standard of Review

Judicial review of an action by an administrative body is by way of the common law writ of certiorari.  Tenn.Code Ann. § 27-8-101; *see also McCallen v. City of Memphis,* 786 S.W.2d 633, 639 (Tenn.1990); *Demonbreun v. Metropolitan Bd. Of Zoning Appeals,* 206 S.W.3d 42, 46 (Tenn.Ct.App.2005).  In such a review, the action of the administrative body may be reversed or modified only upon a determination that the action was: (1) in violation of constitutional or statutory provisions; (2) in excess of statutory authority; (3) an unlawful procedure; (4) arbitrary or capricious; or (5) unsupported by material evidence. *Demonbreun,* 206 S.W.3d at 46 (citing *Massey v. Shelby County Retirement Bd.,* 813 S.W.2d 462, 464 (Tenn.Ct.App.1991)).  Action that can be characterized as falling into any of the above categories warrants reversal or modification.  *McCallen,* 786 S.W.2d at 642; *Demonbreun,* 206 S.W.3d at 46; *Massey,* 813 S.W.2d at 464. Our scope of review is no broader than that of the trial court. *Demonbreun,* 206 S.W.3d at 46.

### III.    Analysis

Tenn. Code Ann. § 13-7-205 allows for the creation of boards of zoning appeals and § 13-7-207(3) gives such boards the authority to grant a variance from zoning requirements where:

> [B]y reason of … extraordinary and exceptional situation or condition of such piece of property, the strict application of any regulation enacted under such sections would result in peculiar and exceptional practical difficulties to or exceptional and undue hardship upon the owner of such property, authorize, upon an appeal relating to the property, a variance from such strict application so as to relieve such difficulties or hardship;

In accordance with § 13-7-207(3), Metropolitan Code § 17.40.370 requires that the board make an affirmative finding on the following standards: the physical characteristics of the property[2]; that the specific conditions are unique to the subject property; that the hardship is not self-imposed; that financial gain is not the only basis for the variance; the variance will not be injurious to the neighboring property; there will be no harm to the public welfare; and the grant of the variance will not compromise the design integrity or operation of an approved planned unit development.

In this case, the BZA held that Ms. Blair "satisfied all of the standards for a variance under Section 17.40.370 of the Metropolitan code given the existence of the original variance and deminimus [sic] error of the original construction" and granted the variance. In its order affirming the BZA's action, the trial court held:

> On the record before it, the BZA was entitled to find that Ms. Blair would have suffered undue hardship if the Board had not permitted her to have a zero-foot side property line variance, especially given that the renovation began several weeks before Ms. Caffey filed her complaint on February 26, 2009. The record also supports a determination that Ms. Caffey's fire, safety, or privacy concerns were not sufficient to warrant denial of the variance.

Upon our review of the record, we concur that the evidence supports the BZA's grant of the variance. Ms. Blair testified that she spent "over $37,000 in home improvements" and that she did not know "anything about the property line." Additionally, the record shows that

---

[2]    The physical characteristic standard tracks the language of Tenn. Code Ann. § 13-7-207 by including in the standard's description "exceptional or undue hardship upon the owner of such property upon the strict application of any regulation enacted by the ordinance . . . ."

a 1' variance from the side yard requirement was granted in 1982[3] allowing for the construction of the carport; that an Inspector from the Codes Department reported that the property "substantially compl[ied] with the minimum requirements of the Metropolitan Housing Code" when Ms. Blair bought the property in 1987; that the carport built in 1982 was on the side property line; that Ms. Blair's addition did not exceed the "footprint of the original variance that was granted."

The evidence supports the Board's determination that the standards at Metropolitan Code § 17.40.370 were met; consequently the BZA properly exercised the authority granted it under Tenn. Code Ann. § 13-7-207.

## Conclusion

For the foregoing reasons, the decision of the Chancery Court is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE

---

[3] Ms. Blair testified that she moved into the house at 904 Oneida Avenue in 1987 and was not present when the 1982 one foot variance was granted.